Lee D. Williams, Esq. SBN 78583
Email: ldw@wilkil.com
Attorney for Kings Road Entertainment, Inc., a Delaware corporation
Williams & Kilkowski
1900 Avenue of the Stars, 25th Floor
Los Angeles, California 90067-4506
Telephone: (310) 282-8995
Facsimile: (310) 282-8930

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KINGS ROAD ENTERTAINMENT, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> WEST COAST PICTURES, LLC, a California limited liability company, and SVEN EBELING, an individual, <br><br> Defendants. | Case No. CV12-07149 CAS (JCGx) <br><br> Honorable Christina A. Snyder <br> Courtroom: 5 <br><br> Magistrate Judge: Jay C. Gandhi <br> Courtroom: 827A <br><br> Action Filed: August 20, 2012 <br><br> **FIRST AMENDED COMPLAINT:** <br><br> **1. DECLARATORY RELIEF -- COPYRIGHT; AND** <br><br> **2. SLANDER OF TITLE -- COPYRIGHT** <br><br> [17 U.S.C. §§101 et seq.] |

///

///

///

1

Comes now Plaintiff Kings Road Entertainment, Inc. ("Plaintiff") and for its First Amended Complaint alleges:

## INTRODUCTION

1. Plaintiff is a Delaware corporation qualified to do business in California with an office in Los Angeles County, California.

2. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff on account of Defendants' wrongful assertion of rights in a copyright held by Plaintiff.

3. This action arises under the United States Copyright Act, 17 U.S.C. §§101 et seq. (the "Copyright Act").

## JURISDICTION AND VENUE

4. On information and belief, Defendant West Coast Pictures, LLC ("WCP") is a California limited liability company. WCP's principal place of business is located in Los Angeles County, California.

5. On information and belief, Defendant Sven Ebeling ("Ebeling") is an individual who resides in Los Angeles County, California. Ebeling and WCP are collectively referred to herein as "Defendants."

6. This action raises a federal question, and this Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1338. This action arises under 17 U.S.C. §§101 et seq., and seeks damages, attorneys' fees and injunctive relief.

7. Venue is proper in this District under 28 U.S.C. §1391(b) in that Defendants reside in this District and in that Defendants' wrongful assertion of rights in Plaintiff's copyright occurred in this District, under 28 U.S.C. §1391(c) in that WCP is subject to personal jurisdiction in this District, and under 28 U.S.C. §1400(a) in that Defendants reside in or may be found in this District.

///
///
///

2

## COMMON FACTUAL ALLEGATIONS

8. Plaintiff is the owner of a copyright (the "Copyright") for the motion picture "All of Me." "All of Me" is copyrighted and covered by a U.S. Copyright Registration, Copyright Registration No. PA0000235445.

9. As the owner of the Copyright, Plaintiff is entitled to all of the rights, benefits, and privileges afforded to an owner of the Copyright under the Copyright Act, including without limitation the right to create a derivative work or a remake.

10. Defendants, and each of them, have wrongfully asserted rights in the Copyright. Defendants have made an explicit written claim in Los Angeles County California to be an owner of the Copyright. Defendants have repeatedly sent copies of this written claim to be an owner of the Copyright to a business entity in Los Angeles County, California which was in discussions with Plaintiff for a remake of the copyrighted work, "All of Me." Defendants have thereby made actual attempts to interfere with Plaintiff's exploitation of the Copyright.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief -- Copyright)

11. Plaintiff incorporates herein by this reference Paragraphs 1 through 10 inclusive as though set forth here in full.

12. An actual controversy exists between Plaintiff and Defendants as to the ownership of the Copyright. Plaintiff is the sole owner of the Copyright, but Defendants have wrongly asserted a written claim to be an owner of the Copyright.

13. Plaintiff desires a judicial determination and declaration that Plaintiff is the sole owner of the Copyright and that Defendants have no right, title, or interest of any kind in the Copyright.

14. A judicial determination that Plaintiff owns the Copyright and Defendants do not own any right, title, or interest of any kind in the Copyright is necessary and appropriate so that Plaintiff and Defendants can resolve the actual controversy which exists between them concerning the ownership of the Copyright

1 and so that Plaintiff may exercise its rights in the Copyright without threat of legal
2 action from Defendants.

3     15.    Plaintiff also seeks an order against Defendants, pursuant to this
4 Court's declaration of Plaintiff's ownership of the Copyright, enjoining Defendants
5 from making any claim to any right, title, or interest of any kind to the Copyright.

## SECOND CLAIM FOR RELIEF

(Slander of Title -- Copyright)

8     16.    Plaintiff incorporates herein by this reference Paragraphs 1 through 15
9 inclusive as though set forth here in full.

10     17.    Defendants' claim to ownership of or rights in the Copyright is false.
11 Defendants have no right, title, or interest of any kind in the Copyright.

12     18.    Defendants' claim to ownership of or rights in the Copyright is an
13 unprivileged disparagement of Plaintiff's ownership in the Copyright.

14     19.    Defendants' false, unprivileged disparagement of Plaintiff's ownership
15 in the Copyright has caused Plaintiff pecuniary loss, in that, inter alia, Plaintiff has
16 incurred attorneys' fees to quiet title in its ownership of the Copyright by means of
17 this action.

18     WHEREFORE, Plaintiff prays for relief as follows:

19     1.    For a declaration that Defendants, and each of them, do not own any
20 right, title, or interest of any kind in the Copyright.

21     2.    For an order enjoining Defendants, and each of them, and their agents,
22 servants, and employees, and all persons acting under, in concert with or for them,
23 from making any claim to any right, title, or interest of any kind in the Copyright.

24     3.    For Plaintiff's pecuniary loss incurred by Plaintiff in obtaining quiet
25 title to ownership of the Copyright.

26 ///
27 ///
28 ///

4

4. For costs of suit, including reasonable attorneys' fees, costs, and expenses as provided by law.

5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a Trial by Jury for each claim properly heard by a jury.

Respectfully Submitted,

Dated: September 25, 2012       WILLIAMS & KILKOWSKI

By: _____
Lee D. Williams
Attorneys for Plaintiff
KINGS ROAD ENTERTAINMENT, INC.,
a Delaware corporation