UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7149-CAS (JCGx) | Date | November 26, 2012 |
|---|---|---|---|
| Title | KINGS ROAD ENTERTAINMENT, INC. V. WEST COAST PICTURES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Debbie Gale | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| Lee Williams | | Oscar Ramallo |

**Proceedings:** **DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** (filed October 26, 2012)

## I.      INTRODUCTION & BACKGROUND

On August 20, 2012, plaintiff Kings Road Entertainment, Inc. filed the instant action against defendants West Coast Pictures, LLC and Sven Ebeling, alleging claims for declaratory relief and slander of title related to ownership of a copyright for the motion picture "All of Me."  See Dkt. No. 1.  On October 9, 2012, plaintiff filed a Second Amended Complaint ("SAC") alleging a single claim for declaratory relief arising under the Copyright Act, 17 U.S.C. §§ 101 et seq.  SAC ¶ 3, 6.  Plaintiff alleges that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.  Id. ¶ 6.

The gravamen of plaintiff's SAC is that defendants have wrongfully asserted ownership over the copyrighted work in regards to a potential remake of the film.  SAC ¶ 10.  Plaintiff alleges that defendants' only "access" to the copyright at issue was pursuant to a written contract, the Production Services Agreement, entered into between plaintiff and WCP.  Id. ¶ 8.  Allegedly, this contract further provided that all interest in the work performed by defendants pursuant to this agreement would be transferred to plaintiff.  Id.  However, plaintiff complains that "[n]otwithstanding the provisions of the Production Services Agreement and plaintiff's rights under applicable law," defendants have made claims to plaintiff and others asserting an ownership interest in the copyright.  Id. ¶ 10.  Accordingly, plaintiff seeks a declaration from the Court that none of the defendants have any ownership interest in the copyrighted work and an order enjoining defendants from making any such claim to ownership.  Id. ¶ 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7149-CAS (JCGx) | Date | November 26, 2012 |
|---|---|---|---|
| Title | KINGS ROAD ENTERTAINMENT, INC. V. WEST COAST PICTURES, ET AL. | | |

On October 26, 2012, defendants filed a motion to dismiss for lack of subject matter jurisdiction. Dkt. No. 10. Plaintiff opposed the motion on November 9, 2012, Dkt. No. 13, and defendants replied on that same date, Dkt. No. 14. The Court held a hearing on November 26, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7149-CAS (JCGx) | Date | November 26, 2012 |
|---|---|---|---|
| Title | KINGS ROAD ENTERTAINMENT, INC. V. WEST COAST PICTURES, ET AL. | | |

### III. ANALYSIS

Neither party addresses the import of the Declaratory Judgment Act, 28 U.S.C. § 2201, which must form the basis of plaintiff's claim here. "The Declaratory Judgment Act (the Act) permits a federal court to 'declare the rights and other legal relations' of parties to a case of actual controversy." Societe de Conditionnement en Aluminium v. Hunter Eng'g Co., Inc., 655 F.2d 938, 942 (9th Cir. 1981). First, an actual Article III controversy is required between the parties. To determine whether such a controversy exists, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). Defendants do not dispute that they have asserted an ownership interest in the copyright in question and have made "numerous written claims to plaintiff and others" regarding their ownership of the copyright. SAC ¶ 10. Moreover, there is an ongoing state lawsuit between these parties, albeit one involving potentially distinct issues of contract validity and interpretation. See Dkt. No. 11 (discussed *infra*). This is sufficient to demonstrate that there is a "substantial controversy" of "sufficient immediacy and reality" for bringing a declaratory judgment action.

Second, there must be an independent jurisdictional basis to bring an action in federal court under the Declaratory Judgment Act; the Act itself does not confer federal jurisdiction. The standard is as follows: "[i]f the declaratory judgment defendant could have brought a coercive action in federal court to enforce its rights, then [the Court has] jurisdiction." Standard Ins. Co. v. Saklad, 127 F.3d 1179, 1181 (9th Cir. 1997) (citations and alterations omitted). That is, "[a] person may seek declaratory relief in federal court if the one against whom he brings his action could have asserted his own rights there." Id.

Federal courts have exclusive jurisdiction over cases "arising under" any statute relating to copyrights. See 28 U.S.C. § 1338(a).[1] To determine whether a case "arises

---

[1] This exclusivity also extends to counterclaims as well, which a defendant may not attempt to assert in state court. See 28 U.S.C. § 1338(a) ("No State court shall have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7149-CAS (JCGx) | Date | November 26, 2012 |
|---|---|---|---|
| Title | KINGS ROAD ENTERTAINMENT, INC. V. WEST COAST PICTURES, ET AL. | | |

under" the Copyright Act, the Ninth Circuit has adopted the T.B. Harms test. Under this test, a district court shall exercise jurisdiction if: "(1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." Scholastic Entm't, Inc. v. Fox Entm't Group, Inc., 336 F.3d 982, 983 (9th Cir. 2003). The test is essentially a restatement of the well-pleaded complaint rule. Id. Applying this test, "[a]ll of the federal circuit courts of appeal that have addressed the issue. . .agree that a determination of copyright ownership based on a disputed allegation of co-authorship presents a federal question that arises under, and must be determined according to, the Copyright Act." Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik, 510 F.3d 77, 86 (1st Cir. 2007); see 17 U.S.C. § 201(a) ("Copyright in a work protected under this title vests initially in the author or authors of the work. The authors of a joint work are coowners of copyright in the work."). On the other hand, a federal court lacks subject matter jurisdiction over an action that seeks nothing more than a determination of ownership based on contract principles, because "questions regarding the ownership of a copyright are governed by state law." Scholastic Entm't, 336 F.3d at 983.

Defendants contend that this case arises solely under state contract law, because the only issue contained within plaintiff's complaint is whether the Production Services Agreement assigns all interest to plaintiff, not defendants. Mot. at 3. Defendants argue that a "mere contract dispute is insufficient to confer federal jurisdiction," and therefore plaintiff's claims must be litigated in state court. Defendants also note that another case between these two parties, Ebeling, et al. v. Kings Road Entertainment, Inc., et al., is currently pending in Los Angeles County Superior Court, Case No. BC471327. In this action Ebeling and West Coast Pictures (there plaintiffs) contend that the Production Services Agreement was induced by fraud, and that Kings Road Entertainment intentionally interfered with Ebeling's and West Coast Pictures's "right to be attached as a producer of the film All of Me." See Dkt. No. 11.

Contrary to defendants' contentions, plaintiff's SAC alleges that "[n]otwithstanding the provisions of the Production Services Agreement *and* plaintiff's

---

jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7149-CAS (JCGx) | Date | November 26, 2012 |
|---|---|---|---|
| Title | KINGS ROAD ENTERTAINMENT, INC. V. WEST COAST PICTURES, ET AL. | | |

rights under applicable law," defendants have claimed an ownership interest in the copyright. SAC ¶ 10 (emphasis added). Given the balance of plaintiff's complaint, this "applicable law" is clearly the Copyright Act, including the provisions governing co-authorship noted above. See 17 U.S.C. § 201(a). Therefore, while defendants are correct that a dispute over the validity and interpretation of the Production Services Agreement does not alone confer federal jurisdiction, a dispute about defendants' rights to co-authorship (and therefore ownership) of the "All of Me" copyright clearly arises under the Copyright Act, because such a dispute requires an interpretation of the Copyright Act. In other words, "unlike a case where a dispute as to copyright ownership arises [solely] under an agreement between the parties, resolution of which depends on state contract law. . . copyright ownership by reason of one's status as a co-author of a joint work arises directly from the terms of the Copyright Act itself." Merch. v. Levy, 92 F.3d 51, 55 (2d Cir. 1996). Accordingly, this Court has subject matter jurisdiction over this action.[2]

## IV.   CONCLUSION

In accordance with the foregoing, defendants' motion is hereby DENIED.

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[2] Because the Court finds that a determination of co-ownership here arises at least in part under the Copyright Act, there is no dispute that defendants could have brought suit in federal court for infringement or other claims—such as for payment of royalties or an accounting—and that such suit would have required an interpretation of the Copyright Act. Since "the declaratory judgment defendant could have brought a coercive action in federal court to enforce its rights," this Court has jurisdiction. Standard Ins. Co., 127 F.3d at 1181.